# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLA, | CV F   05-1176 REC DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KANE, WARDEN, | [Doc. 9] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

PROCEDURAL HISTORY

On November 14, 2001, Petitioner was convicted in the Tulare County Superior Court, of assault (Ca. Pen. Code[2] § 245, subd. (a)(1)), with great bodily injury (Pen. Code § 12022.7, subd. (a)). Petitioner received a determinate state prison term of five years. (Lodged Doc. 2.) Petitioner did not appeal his conviction.

Petitioner did, however, file four state post-conviction collateral challenges to his conviction, the first three of which were petitions for writs of habeas corpus. The first petition

---

[1] As Respondent sets forth in his motion to dismiss, Petitioner was paroled to Region I on September 19, 2005, and was subsequently deported to Mexico on September 21, 2005. (Lodged Doc. 1.) Thus, as Petitioner was deported, he is no longer under the day-to-day control of the named Respondent, Anthony Kane, nor any other law enforcement officials.

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

1

was filed in the Tulare County Superior Court, case number VHC120840 on July 21, 2004, and was denied on July 23, 2004.  (Lodged Docs. 3-4.)  The second petition was filed in the California Court of Appeal, Fifth Appellate District case number F046513 on October 15, 2004, and was denied on March 10, 2005.  (Lodged Docs. 5-6.)  The third petition was filed in the California Court of Appeal, Fifth Appellate District case number F046844 on December 3, 2004, and was denied on March 10, 2005.  (Lodged Docs. 7-8.)  The fourth petition, a petition for review in case number F046844, was filed in the California Supreme Court case number S132296 on March 18, 2005, and was denied on June 8, 2005.  (Lodged Docs. 9-10.)

## DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the

provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on November 14, 2001. Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Cal.R.Ct. 31(a); People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Because Petitioner did not file a notice of appeal his direct review concluded on January 13, 2002, sixty (60) days after the time for filing an appeal expired. Thus, Petitioner had one year from January 13, 2002, in which to file his federal Petition for Writ of Habeas Corpus. See Kelly, 127 F.3d at 784; see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute was set to

expire on January 13, 2003.  Petitioner did not file the instant petition until August 15, 2005.[3]

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final challenge, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), so long as the subsequent filings occurred within a reasonable time.  Evans v. Chavis, __ U.S. __, 126 S.Ct. 846, 853-54 (2006); Carey v. Saffold, 536 U.S. 214 (2002).  The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167 (2001).

In order for a state post-conviction collateral action to provide for tolling, it needed to have been filed within the one-year pendency of the statute of limitations.  Here, the earliest of the applications, which contained no proof of service, but was dated July 16, 2004, was not filed until July 21, 2004, over one year after the statute of limitations expired.  (Lodged Doc. 3.)  Because the limitations period had already expired, the collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Accordingly, the first petition, as well as the second through fourth petitions, do not serve to toll the statute of limitations and, consequently, the statute of limitations expired, as indicated above, on January 13, 2003.

---

[3] As Respondent correctly states, the petition was initially filed in the United States District Court, Central District of California on August 15, 2005; however, the petition was subsequently transferred and filed with this Court on September 14, 2005.

4

D.      Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814, 118 S.Ct. 60 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In this case, Petitioner did not oppose the motion and thus, raises no assertion of entitlement to equitable tolling. Accordingly, as the instant federal petition was filed after the statute of limitations expired, it must be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the motion to dismiss the petition for writ of habeas corpus be GRANTED, and the instant petition be DISMISSED, and the Clerk of Court be DIRECTED to enter judgment in the case.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

2  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after

3  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

4  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

5

6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

7  F.2d 1153 (9th Cir. 1991).

8      IT IS SO ORDERED.

9      **Dated:   April 20, 2006**              **/s/ Dennis L. Beck**
10  3b142a                                  UNITED STATES MAGISTRATE JUDGE